**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA**   :        **3:CR-20-108**

                    **v.**                :        **(JUDGE MANNION)**

**TYSHEEN GOTT,**                     :

            **Defendant**                :

**M E M O R A N D U M**

Presently before the court is the Motion for Severance, (Doc. 461), filed by defendant Tysheen Gott, a/k/a "LB", through his counsel. Gott is charged in a second superseding indictment, (Doc. 392), with one count of conspiracy to distribute controlled substances, i.e., heroin, cocaine, fentanyl, cocaine base ("crack"), and tramadol, Count 1, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and (B)[1], and eight counts of distribution of controlled substances, i.e., collectively, mixtures and substances containing fentanyl and cocaine base (crack), Counts 2, 3, 4, 5, 6, 7, 8, and 9, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(C).

On July 12, 2021, Gott filed his motion for severance pursuant to Fed.R.Crim.P. 8 and 14, and he seeks the court to sever his trial from his remaining

---

[1]In Count 1, (Doc. 392 at 2), it is alleged that the amount of controlled substances involved in the drug trafficking conspiracy attributable to Gott, is as follows:

    1 kilogram and more of a mixture and substance containing a detectable amount of heroin; and 400 grams and more of a mixture and substance containing a detectable amount of fentanyl.

co-defendant, who is allegedly part of the same drug trafficking conspiracy as Gott, and who is currently scheduled to jointly go to trial. Gott alleges that he will be unduly prejudiced for several reasons if his trial is not severed from his co-defendant.

Gott's motion for severance, **(Doc. 461)**, will be **DENIED**.

## I.   FACTUAL AND PROCEDURAL HISTORY[2]

Tysheen Gott has one remaining co-defendant in this case who is scheduled to jointly go to trial August 16, 2021, namely, Damien Navarro. The other nine co-defendants originally indicted in this case along with Gott and Navarro have all pled guilty. (Doc. 1).

On July 12, 2021, after being granted an extension of time, Gott filed his motion for severance, (Doc. 461), alleging that "the potential for prejudice should his charges be tried at the same trial as co-defendant Navarro outweighs the expense and time of separate trials."

The final pre-trial conference in this case was held on July 19, 2021.

---

[2]Since the court stated the factual background of this case in its July 2, 2021 Memorandum denying Thompson's motion to suppress wiretap evidence, it is not fully repeated herein.(*See also* Doc. 407 at 1-4). The court has also discussed this case in detail in its July 2, 2021 Memorandum denying Brown's motion for severance. *See* U.S. v. Brown, 2021 WL 2778629 (M.D. Pa. July 2, 2021).

## II.    LEGAL STANDARD FOR MOTION TO SEVER

The purposes of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620 (1968). Federal Rule of Criminal Procedure 8 addresses the joinder of offenses and defendants and provides:

(a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

(b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The court in U.S. v. Adens, 2015 WL 894205, *1 (E.D. Pa. Feb. 27, 2015), stated "[w]hen multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses." (citing United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003)).

The court in U.S. v. Mayhams, 2018 WL 6524394, *4 (M.D. Pa. Dec. 12, 2018), discussed Rule 8(b) and explained:

Rule 8(b) embodies the "the fundamental principle that the federal system prefers 'joint trials of defendants who are indicted together [ ]' because joint

3

trials 'promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" United States v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (quoting Zafiro v. United States, 506 U.S. 534, 537, 113 S. Ct. 933, 122 L.Ed. 2d 317 (1993) (alteration in original)). Under Rule 8(b), "[i]t is not enough that defendants are involved in offenses of the same or similar character; there must exist a transactional nexus in that the defendants must have participated in 'the same act or transaction, or in the same series of acts or transactions,' before joinder of defendants in a multiple-defendant trial is proper." United States v. Jimenez, 513 F.3d 62, 82-83 (3d Cir. 2008) (citing Fed. R. Crim. P. 8(b); Irizarry, 341 F.3d at 287 n.4). Nevertheless, "[t]he mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series of acts or transactions constituting an offense." Irizarry, 341 F.3d at 289 n. 5 (quoting United States v. Friedman, 854 F.2d 535, 561 (2d Cir. 1988)).

However, [i]f joinder is improper under Rule 8, "the Court must order separate trials." Adens, 2015 WL 894205, at *2 (citing United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011)) ("Rule 8 requires severance where defendants were improperly joined.").

Even if defendants are properly joined under Rule 8, "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" *Id*. (citing Fed.R.Crim.P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id*. (quoting Zafiro, 506 U.S. at 539).

4

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." *Id*. (quoting United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" *Id*. (quoting Zafiro, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" *Id*. (quoting United States v. Serubo, 460 F.Supp. 689, 694 (E.D. Pa. 1978) ); *see also* Jones, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government.") (citations omitted).

## III.   DISCUSSION

Initially, since the court has already found recently that joinder of the remaining defendant is proper under Rule 8(b), as Gott recognizes, (Doc. 461 at 3, para. 7), s*ee* U.S. v. Brown, 2021 WL 2778629, *3, it will not fully repeat this discussion herein.

5

Suffice to say that since the remaining co-defendant is charged in Count 1 of the second superseding indictment, (Doc. 392), with conspiracy to distribute controlled substances, i.e., heroin, cocaine, fentanyl, cocaine base ("crack"), and tramadol, in violation of 21 U.S.C. §841(a)(1), §841(b)(1)(A) and (B), over the same time period, i.e., from in or about 2013, to on or about June 2, 2020, this weighs in favor of trying the defendants jointly. Further, the allegations in this drug trafficking conspiracy count regarding their manner, means, and overt acts joins these co-defendants. Also, as part of the conspiracy, the second superseding indictment specifically alleges that Gott is responsible for the possession with intent to distribute and distribution of 1 kilogram and more of heroin, and 400 grams and more of fentanyl. Since the second superseding indictment shows that the stated count against Gott and his co-defendant is all part of the same drug trafficking conspiracy scheme, the defendants are properly joined for trial under Rule 8(b). *See* Walker, 657 F.3d at 170; Mayhams, 2018 WL 6524394, *4 ("The Third Circuit observed in *Eufrasio* that Rule 8(b) expressly authorizes joinder of different substantive offenses under the umbrella of a single conspiracy charge.") (citing Eufrasio, 935 F.2d at 567). "Indeed, joinder of such coconspirators in a single charging document is encouraged, as the claim of conspiracy provides the requisite common link among defendants." Mayhams, 2018 WL 6524394, *4 (internal quotations and citations omitted).

6

Thus, consistent with the finding regarding Brown's motion, the court finds that Gott and his co-defendant can be tried together under Rule 8(b). *See* Mayhams, *supra*. *See also* United States v. Thompson, 219 F.Supp.3d 502, 507 (M.D. Pa. 2016) ("A conspiracy charge 'provides a common link and demonstrates the existence of a common plan' for purposes of Rule 8(b).") (citation omitted).

The court will now consider if Gott is entitled to severance under Rule 14. "Even though joinder was proper under Rule 8(b), severance may still be granted pursuant to Federal Rule of Criminal Procedure 14 if the potential prejudice outweighs the expense and time of separate trials that essentially retry the same issue." Mayhams, 2018 WL 6524394, *4 (citation omitted).

"To establish a violation of Rule 14, a defendant must show that the 'denial of severance would lead to clear and substantial prejudice resulting in a manifestly unfair trial.'" U.S. v. Staton, 605 Fed.Appx. 110, 114 (3d Cir. 2015) (citation omitted). "A court should therefore grant a severance 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Id.* (citing Zafiro v. United States, 506 U.S. 534, 539–40, 113 S.Ct. 933 (1993)). Further, mere speculation and generalized allegations of prejudice by the defendant are insufficient. *Id*.

7

In his motion to sever, Gott raises the following four reasons why he contends his trial should be severed from his co-defendants: (1) the jury will have difficulty separating his alleged acts from those of his co-defendant leading to confusion during deliberations; (2) a joint trial may adversely impact his ability to call his co-defendant as witnesses and he may be denied access to potentially exculpatory testimony of his co-defendant; (3) the introduction of evidence belonging to his co-defendant and not found in his possession would prejudice him and lead to jury confusion; and (4) the government may call as witnesses the co-defendants who have previously pled guilty and are not charged in the second superseding indictment, and this testimony will pertain to the acts of all the remaining co-defendants which will prejudice him and likely lead to juror confusion.

Gott merely speculates, without further elaboration or citation to anything for support, that his ability to call his co-defendants as witnesses may be impacted since they will likely assert their Fifth Amendment right against self-incrimination if there is a joint trial. Gott's unsubstantiated claim fails to meet his heavy burden of establishing a clear and substantial prejudice from a joint trial. "[B]are assertions that co-defendants will testify are insufficient to warrant separate trials." United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005). In Davis, the Court indicated that four factors must be considered when a defendant seeks a severance based on his claim that his co-defendants may provide exculpatory testimony at trial,

8

namely: "(1) the likelihood of co-defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co-defendants could be impeached; and (4) judicial economy." *Id.* at 182-83. Additionally, the Court "held that a defendant's claim that his co-defendants would testify on his behalf must be supported by the record, and the record must show more than simply the defendant's request for declaration of [his co-defendants'] intent to testify." *Id.*

Gott maintains that if he is jointly tried with his co-defendant, it may deprive him of obtaining potentially favorable testimony from his co-defendant. However, as the government previously indicated with respect to Brown's motion for severance, (Doc. 410 at 9; 2021 WL 2778629, *4), "[i]t is likely that [Gott] has no idea who will testify against him and certainly has not definitively alleged that any of his co-conspirators will testify on his behalf, which is a highly unlikely and a speculative assertion." Also, as the government previously pointed out, "[Gott] does not identify even one co-conspirator who he intends to call to testify on his behalf, nor does [Gott] commit to testifying on his own behalf or for anyone else at any trial, joint or separate." (Id. at 10-11). Further, Gott, like Brown, has not provided an affidavit or any other evidence indicating that any of his co-defendants intend to testify, and he does not even specify the nature of any co-defendants' alleged testimony and how such testimony would be exculpatory in nature. As the

court stated in Thompson, 219 F.Supp. 3d at 514-15, "[the defendant] provides no basis to believe any co-defendants would testify, how such testimony would exculpate him, whether the witnesses could be impeached, and why separate trials is not at odds with the interests of judicial economy." Thus, Gott's unsubstantiated claim of testimonial prejudice is not sufficient to support his request for severance. *Id*.

Moreover, as the government, (Doc. 410 at 8-9), explained with respect to Brown's motion:

> Instantly, there is no prejudice that will result from trying all defendants in the same proceeding. As of this date, only [two] defendants remain who intend to proceed to trial. All [nine other] remaining defendants have agreed to plead guilty to their role in the conspiracy. A review of the Second Superseding Indictment and the discovery, particularly the wiretap evidence, shows how the drug trafficking activities of [defendant] and others are inter-connected conspiratorial activities. Testimony from cooperating witnesses will complete the inter-connected conspiratorial activities where wiretap evidence requires explanation. That some of the co-conspirators engaged in the criminal conduct to a lesser or greater extent, does not provide a basis to unravel an otherwise seamless account of the inter-connected conspiratorial activities.

Further, as indicated in Brown, 2021 WL 2778629, *5, "when dealing with conspiracies, not all conspirators need to know the identities of their co-conspirators or engage in the same conduct at the same time as others", "[n]or does the Government need to prove that each defendant knew all of the conspiracy's details, goals, or other participants or that fellow conspirators may doubt the conduct of a co-conspirator."

10

The court also finds no merit to Gott's contention that he will be prejudiced if the jury hears evidence about his co-defendant's involvement in the alleged inter-connected drug trafficking conspiracy. *See* Brown, 2021 WL 2778629, *5. Thus, a lot of the evidence at trial will be introduced to prove the existence of the charged drug trafficking conspiracy between Gott and his co-defendant, and that the jury, if they so decide, can attribute some or all of that evidence to all defendants charged in the drug trafficking conspiracy. *See id*.

The court finds that the reasons offered by Gott do not warrant severance of his trial from his co-defendant. The court finds that Gott has failed to satisfy the "heavy burden" to show that he is entitled to a separate trial. He has also failed to "pinpoint clear and substantial prejudice" from the joinder of his trial with his co-defendant. United States v. Thompson, 219 F.Supp.3d at 507 (citation omitted).

At best, Gott, similar to Brown, has only shown that "severance [may increase] [his] chances of acquittal" which is not sufficient. McGlory, 968 F.2d at 340. In Staton, 605 Fed.Appx. at 115, the court stated that "a defendant is not entitled to a severance merely because evidence against a co-defendant is more damaging than the evidence against the moving party." (quoting Lore, 430 F.3d at 205). In any event, Gott's has failed to identify any evidence belonging to his co-defendant which he did not possess that may confuse the jury as to who was responsible for it. Nor has Gott made a showing that the jury will not be able to

compartmentalize any evidence against him and his co-defendant regarding the drug trafficking charge they face. *See id.* Additionally, the court will instruct the jury to "separately consider the evidence against each defendant on each of the offenses charged" and, it will tell the jury that its "decision on any one defendant or any one offense ... should not influence [its] decision on any of the other defendant or offenses." *Id*. As the Third Circuit stated, *id.*, "[j]urors are presumed to follow [the court's] instructions." (citation omitted). *See* Zafiro, 506 U.S. at 538-39 ("Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion.")).[3]

Therefore, in balancing "the potential prejudice to the defendant [Gott] against the advantages of joinder in terms of judicial economy", which the court must do, Tutis, 167 F.Supp.3d at 692, the court finds that a joint trial for the remaining defendants is appropriate. In fact, as the court previously indicated in Brown, 2021 WL 2778629, *7, "even if [Gott's] case was severed, much of the evidence of his co-defendant's drug trafficking activities would still be admissible during a severed trial", including "many of the intercepted [wiretap]

---

[3]Since the court noted in its decision denying Brown's motion for a severance some of the other relevant Third Circuit Model Jury Instructions which the court will give the jury, it does not repeat them herein. *See* Brown, 2021 WL 2778629, *5 n. 3.

communications of co-defendants that implicate [Gott] [which] would be admissible statements against interest under Federal Rule of Evidence 804(b)(3) and co-conspirator statements under Federal Rule of Evidence 801(d)(2)(E)." (citing Doc. 410 at 2-3). Also, as the court stated, *see id.*, "[a]cts and statements of co-conspirators in furtherance of the charged conspiracy are admissible even against a single, severed defendant at trial, if the government satisfies Fed.R.Evid. 801(d)(2)(E) by proffering evidence of the existence of the conspiracy and the defendant's knowing membership in it." Tutis, 167 F.Supp. 3d at 693. Thus, "even if the Court granted severance, much, if not all, of the evidence concerning [Gott's] alleged conspirators could still be presented as against him." *Id.* (citation omitted); *see also* McLaughlin, 2013 WL 996266, *8 ("Public interest in judicial economy favors joint trials where, [as here], the same evidence would otherwise be presented at separate trials of defendants charged with a single conspiracy.") (quoting Johnson v. Tennis, 549 F.3d 296, 302 (3d Cir. 2008)).

## IV.    CONCLUSION

For the aforementioned reasons, Defendant Gott's motion for severance of his trial from his co-defendant, **(Doc. 461)**, is **DENIED**. Gott will be tried jointly with his remaining co-defendant on August 16, 2021. An appropriate Order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Court**

**Dated: August 2, 2021**
**20-108-07**

14